Preston, J.,
dissenting. This is a suit to rescind the sale of a slave on account of redhibitory maladies. He was sold on the 15th February, 1849, and fully guaranteed against the vices and maladies prescribed by law, and to be sound of mind and body. He died six weeks afterwards.
It is alleged that he died of diarrhoea, and that he was affected with the disease at the time of the sale so as to be incurable. He had been brought info the State within less than eight months before the sale, and, under the statute of 2d of January, 1834, if the redhibitory malady discovered itself within fifteen days after the sale, it is presumed to have existed at the time of the sale.
Mr. Archer and Vaught both testify that the slave was severely afflicted with the disease in the month of February. The latter says, that having hired him a few days, he was sent home in a cart, being unable to work, or probably to walk; after a week he was sent back; but being unable to do the work of a hand, was again sent home. The former says, that in February he was so debilitated, that he could not help himself to his chamber. Dr. Wordan proves that the disease was a chronic diarrhoea and from the cankerous state of his bowels when he visited him in February, he thinks the disease must have lasted for some time. Dr. Jones visited him ; was satisfied that the disease was a diarrhoea of long standing, and prescribed accordingly.
Mrs. Morehouse proves that the slave was sick at the plaintiff’s house for some time; that to her knowledge he was attended three days by Dr. Preston; that she has seen a great many persons sick of the cholera, but never saw any one live so long with the cholera to die at last.
The defence is, that the slave was sound when sold, and died of the cholera. Mr. Blakeney, the agent of the defendant in selling the slave, gives it as his opinion that he was sound when sold. Dr. Bensadon saw him the day before he died in the collapsed state of the cholera, with not more than twelve or twenty-four hours of life in him.
I am of opinion that the weight of the testimony preponderates in favor of the plaintiff. The immediate cause of the slave’s death may have been cholera, but I think he was afflicted within less than fifteen days after the sale with a diarrhoea, which probably would have proved fatal under any circumstances, and was necessarily sp during the prevalence of the cholera to an extent almost epidemical.
The true view of the case is, that the disease existing at the time of the sale terminated in cholera, which it produced. Dr. Bensadon, defendant’s witness, says chronic diarrhoea, .or any disease of the bowels might terminate in cholera. The diarrhoea ought not to be considered a cause so remote from the death that the law will not join them.
All proper‘attendance and medical aid was furnished by the plaintiff to the slave; a physician set up with him a whole night. He was afflicted with a disease of the bowels from the day of the sale until his dissolution, and with the late Supreme Court in the case of Ory’s Syndic v. David, 9 L. R. 59, I consider a malady incurable, so far ns to authorize the redhibitory action when it baffles the efforts of regular medical aid and death ensues, notwithstanding this aid is promptly administered.
I think the plaintiff should recover the price paid for the slave, and that the judgment of the district court, should be affirmed, with costs.